## T. L. TERRY *v.* A. HARRIS, Sheriff, et als.

A *concordat* entered into between a firm and its creditors extinguishes only the debts due by the firm —not those due by the individual members of it.

APPEAL from the District Court of the parish of Claiborne, *Spofford*, J. *Jones*, for plaintiff and appellant. *Egan*, for defendant.

VOORHIES, J. The questions presented in this case appear to have undergone a. careful and critical examination by the Judge *a quo*. We think his conclusion is fully borne out by the decision in the case of *Hodge* v. *Whitall*, 15 L. 506, in which Judge Martin said : "It is clear that the parties of the second part acted in this *concordat* in no other capacity than as creditors of the firm." Here it is also perfectly clear that the debt claimed by the plaintiff was not a debt due by the firm of *Thomas L. & Thomas C. Terry*, and consequently could not be extinguished by the *concordat* entered into between the latter and their creditors.

79

In affirming the judgment of the Judge *a quo*, we also adopt his reasons.

It is therefore ordered and decreed that the judgment of the District Court be affirmed with costs.

The following is the judgment of the District Court:

It is not shown that the judgment against which plaintiff sued out this injunction, was filed on the bilan of *Thomas L. & Thomas C. Terry*, in their surrender, nor that the lawful holder of this identical debt was any party to the compromise, assignment or concordat entered into between the said *Terrys* and their creditors. Of course, then, the present holder cannot be bound by any agreement entered into between those parties.

Again there is an insuperable objection to the position now assumed by the plaintiff; that is, that the cession or assignment of *Thomas C. & Thomas L. Terry* was a joint affair, and only purports to give up their partnership property to the partnership creditors. A partnership is an ideal being distinct from the individuals that compose it. The partnership may go into bankruptcy, without affecting the relation that subsists between the individual members and their individual creditors. For aught that appears to the contrary, *J. P. M. Duprée*, assignee, holder of the judgment enjoined, is an individual creditor of *Thomas L. Terry*, and it does not appear that any composition was ever entered into between them as to this individual debt. The injunction must, therefore, be dissolved. It is for the above reasons, ordered and decreed that the injunction sued out in this case be set aside and dissolved, and that the defendants be allowed to proceed with their execution, for the amount appearing to be due at the date of the injunction. It is further ordered, adjudged and decreed, that the defendant, *J. P. M. Duprée*, recover of the plaintiff, *Thomas L. Terry* and his sureties, *J. R. Wilder* and *A. Dyer, in solido*, interest at the rate of eight per cent. upon the principal amount enjoined, from the date of service of the writ of injunction, and also the sum of ten per cent. upon said principal amount as general damages in this case; it is further ordered that the plaintiff pay the costs of suit to be taxed.